[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16482
Non-Argument Calendar
_____

Agency No. A079-683-171

YIN CHAN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 10, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Yin Chan Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen her removal proceedings based on changed country conditions. After review, we deny Chen's petition.

Chen contends the BIA abused its discretion in denying her motion to reopen because it misconstrued the motion as being based on changed personal circumstances, instead of changed country conditions, and only relied on select parts of the evidence, effectively ignoring the favorable portions. Specifically, she asserts she established there had been an increase in the persecution of those who violated China's family planning laws, and local family planning officials in Fujian Province, where she lived, would view her as violating these laws even though her children were born abroad. Moreover, she asserts she also established there had been an increase in the persecution of Christians in China. Lastly, she contends she demonstrated *prima facie* eligibility for relief on account of violating China's one-child policy and her Christian religion.

The BIA did not abuse its discretion in denying Chen's motion to reopen because she failed to establish changed country conditions in China since her removal proceedings in May 2004. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (stating we review the denial of a motion to reopen for an abuse of discretion). Because Chen's motion to reopen was filed eight years after

her removal order was entered, Chen was required to show "changed country conditions arising in [China], if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C); *see* 8 C.F.R. § 1003.2(c).

Chen's argument the BIA misconstrued her motion to reopen as one based on changed personal circumstances is without merit, as the BIA explicitly acknowledged that her motion was one based on changed country conditions, and then proceeded to list and discuss the evidence Chen submitted in this regard. Subsequently, based on this review, the BIA determined the evidence did not show a material change in conditions with respect to the treatment of individuals who violated China's family planning laws, or the treatment of members of unregistered Christian churches. We likewise agree Chen failed to demonstrate that, since her removal proceedings, there had been an escalation in the enforcement of China's family planning laws by forcible sterilization in Fujian Province, let alone increased enforcement targeting repatriated Chinese who had given birth to multiple children overseas.[1] Her evidence also did not sufficiently demonstrate changed country conditions concerning the negative treatment of Christians in China.

---

[1] Moreover, because Chen's official documents from various local governments regarding China's family planning policies were not certified or otherwise authenticated, the BIA did not abuse its discretion in discounting them. 8 C.F.R. § 1287.6(b); *see Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1202-03 n.3 (11th Cir. 2005).

Because Chen did not show materially changed country conditions with respect to the use of forcible sterilizations or the treatment of Christians in China, she was not entitled to reopen her removal proceedings.  Thus, we do not consider further whether she established a *prima facie* case for relief based on either of these claims.  Accordingly, we deny Chen's petition.

**PETITION DENIED.**